IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-325-M |
| | § | |
| BYRON ANTHONY HORN, | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Byron Anthony Horn's ("Defendant") letter received on September 2, 2020 (doc. 72). The Court liberally construes the letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Upon review of the relevant pleadings and applicable law, Defendant's motion is **DENIED**.

### I.   Background

On May 25, 2017, Defendant was charged by superseding information with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* doc. 28.) Defendant pled guilty to all five counts on June 27, 2017. (*See* docs. 29, 31.) By a second amended judgment entered April 6, 2018, he was sentenced to 120 months' imprisonment on each count, to run concurrently with each other, but consecutive to any subsequent sentence imposed in an unrelated state proceeding. (*See* doc. 61.) He was also sentenced to a two-year term of supervised release to follow his federal imprisonment and was ordered to pay restitution in the amount of $13,382.82. (*See id.*) Defendant's convictions and sentences were affirmed by the United States Court of Appeals for the Fifth Circuit on October 31, 2018. (*See* doc. 65.) His petition for a writ of certiorari was denied by the Supreme Court of the United States on March 4, 2019. (*See* doc. 66.) On February 28, 2020, Defendant filed a post-judgment motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*See* doc. 71.) Defendant's § 2255 motion remains pending with this Court.

(*See* No. 3:20-CV-544-M-BH, doc. 1.)

Defendant, who is currently 62 years old and incarcerated at the Federal Correctional Institution ("FCI") Bastrop submitted the current motion on September 2, 2020, in which he reiterated many of the bases for relief raised in his § 2255 motion and requested a sentence reduction. (*See* doc. 3.) In support, he filed his April 29, 2020 Bureau of Prisons ("BOP") Individualized Needs Plan – Program Review, his June 25, 2020 request for compassionate release to the Warden of FCI Bastrop, and the Warden's July 24, 2020 response to his request. (*See id.*, at 4-7.)

## II.   Discussion

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, the "Sentencing Reform Act of 1984 modified existing sentencing standards to allow federal courts to reduce defendants' sentences for 'extraordinary and compelling reasons,' a process often referred to as 'compassionate release.'" *United States v. Ennis*, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020). Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment . . . after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" [1] *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D.

---

[1] Prior to the enactment of the First Step Act of 2018, only the BOP could file motions for compassionate release on behalf of federal prisoners under § 3582(c)(1)(A). *See Chambliss*, 948 F.3d at 693 n.1; 18 U.S.C. § 3582(c)(1)(A) (West 2002).

Tex. Mar. 30, 2020) ("a court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotation marks and citations omitted)).

The policy statement applicable to compassionate release under § 3582(c)(1)(A)—United States Sentencing Guideline § 1B1.13—has not been amended since the First Step Act expanded who may move for compassionate release to include federal prisoners themselves.[2] It provides that "extraordinary and compelling reasons" may exist under the circumstances set forth below:

> (A)  Medical Condition of the Defendant.--
>
> (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)  The defendant is--
>
> (I)     suffering from a serious physical or medical condition,
> (II)    suffering from a serious functional or cognitive impairment, or
> (III)   experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)  Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)  Family Circumstances.--

---

[2]  It is unlikely that the United States Sentencing Commission's policies will be updated any time soon as the current number of voting commissioners is insufficient to effect updates.  *See, e.g., United States v. Cantu*, 423 F. Supp. 3d 345, 348 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020).

      (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, App. Note 1.

Here, exercising its discretion to apply the applicable policy statement and liberally construing Defendant's motion, the Court finds that Defendant has failed to provide sufficient grounds to warrant compassionate release under § 3582(c)(1)(A) at this time. Although Defendant's motion indicates that he is 62 years old, has served over half of his sentence with good time, has an "excellent record," and is a model inmate, none of these circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A). He is, therefore, not entitled to compassionate release and his construed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. To the extent Defendant's motion raises arguments set forth in or applicable to his § 2255 motion, those arguments will be addressed in the pending habeas action, No. 3:20-CV-544-M-BH.

### III.   Conclusion

IT IS THEREFORE ORDERED that Defendant's construed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED** this 2d day of November, 2020.

_____
BARBARA M.G. LYNN
CHIEF JUDGE