IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:16-CR-000325-M-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BYRON ANTHONY HORN. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

   ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

1

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

Defendant Horn's Motion for Compassionate Release (ECF No. 74) fails to identify extraordinary or compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)(A) & cmt. n.1.  Horn was sentenced to 120 months of incarceration after pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  (ECF No. 57).  He is currently housed at Bastrop FCI, and his release date is November 2, 2024.

Horn states that he has several medical conditions, including hypertension, chronic gout, and osteoarthritis, which "put him at a higher risk of serious medical consequences, including death, if he contracts COVID 19 (Delta/Mu Variance)."  ECF No. 57 at 2.  Horn states that, because he is 63 years of age, his confinement is "very very difficult . . . to handle, both mentally and physically."  *Id.*  He points to his low custody level, his low recidivism store, and his "exceptional good conduct, behavior, and a spotless work record," as a basis for the Court to reduce his sentence.  ECF No. 58 at 5.  Horn states that, in prison, he has engaged in rehabilitation and continued education programming.  He also points to the fact that he has already served 60% of his sentence, and explains that he has accepted responsibility for his actions and feels remorse.

These allegations are not sufficient under § 3582(c)(1)(A).  Horn presents no unique circumstances that would suffice to show extraordinary and compelling reasons for compassionate release.  Although the CDC states that adults with hypertension are more likely to become severely ill with COVID-19, and that the risk increases with age, these underlying conditions alone do not meet the extraordinary and compelling standard necessary for compassionate release.  *See United States v. Booker*, No. 4:11-CR-127 (10), 2021 WL 1616891, at *2 (E.D. Tex. Apr. 26, 2021) (listing cases finding that underlying conditions such as hypertension do not make a defendant's case "extraordinary" because such afflictions are commonplace among the United States' population).

In addition, the Court finds that Horn has not provided sufficient evidence that the BOP is incapable of managing his health specifically or that the condition of his health "substantially diminish[es] the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13 cmt. n.1  Horn's general concern about the spread of COVID-19, even assuming his preexisting medical conditions, is without more insufficient to invoke § 3582(c)(1)(A).  Further, as of November 10, 2021, the BOP reports that, at Bastrop FCI, currently there are no inmates and 2 staff members with confirmed positive cases of COVID-19, 346 inmates and 52 staff have recovered from COVID-19, and 1 inmate has died of COVID-19.[1]  These figures do not support the contention that the BOP has failed to manage COVID-19 at Bastrop FCI or is failing to follow safety protocols.  Ultimately, Horn does not present unique circumstances that would suffice to show extraordinary and compelling reasons for compassionate release.

Relief is also inappropriate after consideration of the factors listed in 18 U.S.C. § 3553(a).  The Court considers the nature and circumstances of Horn's crime to be serious.  Horn committed eight bank robberies.  At sentencing, victim bank tellers present during the robberies provided impact statements describing how they were severely affected by Horn's actions.  At sentencing, the Court found that the § 3553(a) factors weighed in favor of Horn's sentence, and Horn does not offer a compelling reason why these sentencing factors should be weighed any differently now.  The Court therefore "weighs those factors now the same as it did at sentencing." *United States v. Delgado*, No. 3:17-cr-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).  Accordingly, Horn's Motion for Compassionate Release is denied.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since

receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: November 22, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[1] https://www.bop.gov/coronavirus/ (last visited on November 10, 2021).